UNITED STATES of America,
Appellee,

v.

Donald A. DOW, Defendant–Appellant.

No. 06–3409–CR.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2008.

Monica Richards, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York (Joseph J. Karaszewski, on the brief), Buffalo, N.Y.

Jay S. Ovsiovitch, Federal Public Defender's Office for the Western District of New York (Robert G. Smith, on the brief), Rochester, N.Y., for Defendant–Appellant.

Present: GUIDO CALABRESI, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant–Appellant Donald A. Dow, who pled guilty in the United States District Court for the Western District of New York (Larimer, J.) to bank fraud, in violation of 18 U.S.C. § 1344, appeals his sentence of sixty months in prison. We assume the parties' familiarity with the facts and procedural history of the case.

Appellant asserts that his sentence, which is substantially above the Guidelines range of twenty-seven to thirty-three months in prison, is substantively unreasonable. Our reasonableness review is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007) (alterations in original; internal quotation marks omitted).

The district court's upward departure was based on Appellant's lengthy criminal record. As the district court noted, Appellant had "maxed out" the criminal history category—that is, he had more than enough criminal history points to put him in the highest category. In determining whether to depart upward, a sentencing court may properly consider criminal history points in excess of those needed to place a defendant in the highest criminal history category. *United States v. Harris,* 13 F.3d 555, 558 (2d Cir.1994). The sentencing judge here explained his reasoning in detail, and we do not consider that explanation in any way unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–97, 169 L.Ed.2d 445 (2007).

Accordingly, we AFFIRM the judgment of the district court.